UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAEVON SHADE,

      Plaintiff,

v.

                            Case No. 24-cv-11515
                            Honorable Linda V. Parker

THE CITY OF HARPER WOODS,

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On June 10, 2024, Plaintiff filed this lawsuit against Defendant City of Harper Woods ("Harper Woods"). (ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP") (ECF No. 2), which the Court is granting. By statute, a district court is required to summarily dismiss a complaint filed IFP if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This is Plaintiff's third attempt to file a lawsuit against Harper Woods for violations of his civil rights pursuant to 42 U.S.C. § 1983 and Michigan law arising from a search of his vehicle and his seizure and arrest on December 17, 2020. *See* Compl. *Shade v. The City of Harper Woods*, Case No. 24-cv-10622 (E.D. Mich.

filed Mar. 11, 2024); Compl., *Shade v. The City of Harper Woods*, Case No. 24-cv-10976 (E.D. Mich. Apr. 11, 2024), ECF No. 1.  In each of his previous pleadings, Plaintiff failed to allege any facts rendering it plausible that Harper Woods was liable for the asserted acts of its police officers.  In fact, Plaintiff repeatedly alleged that the police officers' conduct *violated* "municipal custom."  *See id*.

Despite providing Plaintiff with opportunities to file an amended pleading alleging the necessary facts to establish Harper Woods' liability or naming as a defendant the officer(s) who engaged in the alleged unconstitutional conduct, Plaintiff repeatedly failed to cure the defects in his pleadings.  Notably, the Court advised Plaintiff that a pro se clinic in the courthouse was available to assist him in determining whether he had a viable claim against Harper Woods and stating any claims if he did.  The Court, therefore, dismissed his prior actions.  *See* Order, *Shade*, No. 24-10976 (E.D. Mich. May 9, 2024), ECF No. 6; Op. & Order, *Shade*, No. 24-cv-10622 (E.D. Mich. Mar. 29, 2024), ECF No. 8.

Even when liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff's current Complaint still fails to state a plausible claim against Harper Woods as opposed to its officials and/or employees.  As the Court explained to Plaintiff previously, a complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556). The misconduct alleged could have occurred directly only through Harper Woods' officials and/or employees.

A municipality, like Harper Woods, is not liable for the constitutional violations of its officers or employees simply because they are employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To attribute a constitutional violation to a municipality, "a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality." *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)).

Further, by the time Plaintiff filed the current action, his claims were barred by the applicable statutes of limitations. *See Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020) (providing that the statute of limitations for a § 1983 claim is three years, which runs from when the plaintiff knew or had reason to know that the conduct providing the basis for the alleged injuries occurred); Mich. Comp. Laws § 600.5805 (setting forth a two-year limitations period for false imprisonment and a three-year limitations period for actions alleging personal injury). As indicated, Plaintiff's claims arise from the search of his vehicle and his

seizure and arrest on December 17, 2020. Thus, at the latest, the time for filing his claims expired on or about late December 2023.

For these reasons, the Court grants Plaintiff's application to proceed in forma pauperis but summarily dismisses his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 24, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 24, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager